IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JESUS ARRIAGA,** § | | |
| Plaintiff, § | CA No._____ | |
| § | | |
| v. § | | |
| § | JURY DEMANDED | |
| **MUNDY SERVICE CORPORATION,** § | | |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### 1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a jury for any and all issues triable to a jury. This action seeks compensatory, liquidated and actual/economic damages; and costs and attorney's fees for the claims suffered by Plaintiff, JESUS ARRIAGA, due to MUNDY SERVICE CORPORATION (hereinafter "Defendant" or "MUNDY") taking adverse employment action against him.

1.2 This action arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. Section 12112 and/or Americans with Disabilities Amendments Act of 2008 (ADA, ADAA), the Age Discrimination in Employment Act (ADEA), as amended; the Texas Commission on Human Rights Act (Texas Labor Code – Chapter 21); and Section 451.001 of the Texas Labor Code, which prohibits retaliation for filing a worker's compensation claim in good faith.

### 2. JURISDICTION & VENUE

2.1. Jurisdiction is invoked pursuant to 28 U.S.C. §1343(a)(4) and 28 U.S.C. §1331.

2.2. Venue of this action is proper in this court, pursuant to 28 U.S.C. §1391(b), because Defendant's principal place of business is in this judicial district.

## 3. PARTIES

3.1. Plaintiff is a former employee of Defendant and resides in Victoria, Victoria County, Texas.

3.2. Defendant, Mundy Service Corporation, is an employer qualified to do business in Texas and employs more than 50 regular employees. Defendant can be served by serving its registered agent Sara J. Cole at 11150 S. Wilcrest Dr., Suite 300, Houston, TX 77099.

## 4. STATEMENT OF FACTS

4.1 Defendant is a support services firm.

4.2 Plaintiff worked for Defendant as a loader from February 22, 2018 until his termination effective on September 17, 2019.

4.3 Plaintiff was injured on-the-job on September 9, 2019. Plaintiff was trying to break loose bolts on a filter sealed pot. Plaintiff felt a pop in the middle of his back when he was breaking loose the third bolt.

4.4 Plaintiff notified the Invista field operator (on site safety personnel), Chris Hillin. Mr. Hillin said he was going to notify his Invista personnel and Plaintiff agreed that he was also going to notify Defendant.

4.5 Plaintiff was taken by ambulance to the Emergency Room at Citizen's Hospital in Victoria County, TX. Plaintiff underwent a CT scan and was given some injections. The ER doctor told Plaintiff to stay off from work for the next two days and to do physical therapy for the next two weeks. The doctor diagnosed Plaintiff with having a thoracic

back strain. The ER doctor gave Plaintiff the following restrictions for work: no lifting, no bending, no climbing and no standing.

4.6 On September 10, 2019, Defendant's site manager, Victor Willis, instructed Plaintiff to meet him at Defendant's company doctor, Dr. Metz, in Deer Park, TX. Plaintiff informed Defendant's doctor that he was in pain. Defendant's doctor put Plaintiff through a physical exam that caused Plaintiff pain when the doctor asked him to turn his body certain ways. Defendant's doctor performed X-rays on Plaintiff and stated that he wanted to re-evaluate Plaintiff on September 16, 2019.

4.7 On September 11, 2019, Plaintiff reported to work, despite still being in pain. Plaintiff was limited in his ability to bend, walk, lift, sleep and work due to his injuries and the corresponding pain. Plaintiff worked for approximately three (3) hours on September 11, 2019. Defendant had Plaintiff do an investigation report. On this day, Defendant sent Plaintiff home from work.

4.8 Plaintiff was not scheduled to work from September 13, 2019 until September 19, 2019, based on his normal work schedule. September 20, 2019 was supposed to be Plaintiff next scheduled workday. Plaintiff never refused to work nor did he fail to report to work despite the pain he was experiencing as a result of his on-the-job injury and resulting disability.

4.9 Plaintiff went to Defendant's doctor again on September 16, 2019. Plaintiff told the doctor that he was still in pain and asked if he could prescribe him any medication for his pain. Defendant's doctor ignored Plaintiff's complaints of continued pain and released him back to work.

4.10   On September 17, 2019, Defendant's site manager, Victor Willis, called Plaintiff and told him that he was terminated.

4.11   On September 18, 2019, Plaintiff received a document from Worker's Compensation, which included inaccurate details of his on-the-job injury. Defendant reported his on-the-job injury as an injury to Plaintiff's lower back. However, Plaintiff's upper back was injured. Victor Willis called Plaintiff as a part of his investigation. When Victor Willis asked Plaintiff about the injury, Mr. Willis specifically asked Plaintiff if it was his lower back that was injured; and Plaintiff corrected him and stated that his upper back was injured. Despite Plaintiff's report of his injury, Mr. Willis still reported that Plaintiff's lower back was injured in the Notice of Injury Report.

4.12   Two (2) weeks after Plaintiff attempted, in good faith, to file his Worker's Compensation Claim and notified Defendant of disabilities that limited major life activities he was terminated on September 17, 2019.

4.13   Plaintiff was fifty-eight (58) years old at the time of his termination.  Upon information and belief, Plaintiff was replaced by an individual outside his protected classes (based on age and disability).

## 5.   CONDITIONS PRECEDENT

5.1   All conditions precedent to jurisdiction have occurred or been complied with

5.2   Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

5.3   This lawsuit was filed within ninety (90) days of Plaintiff receiving his Notice of Right to Sue from the EEOC.

## 6. CAUSES OF ACTION

### *Disability/Perceived Disability Discrimination and Failure to Reasonably Accommodate (ADAAA and TCHRA)*

6.1   Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

6.2   Plaintiff was a member of a protected class as a qualified employee with a disability/perceived disability.

6.3   Plaintiff suffered from a disability/perceived disability but was still performing the essential functions of his job.

6.4   Plaintiff suffered an adverse action when he was terminated after Defendant learned of his disability or perceived him as a disabled employee.

6.5   Defendant failed to engage in the interactive process and failed to reasonably accommodate Plaintiff's disability.

6.6   Plaintiff alleges Defendant violated the ADAAA and the TCHRA when Defendant took adverse action against Plaintiff, terminating his employment, based on his disability/perceived disability and failed to reasonably accommodate his disability.

### *Age Discrimination (ADEA and TCHRA)*

6.7   Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

6.8   Plaintiff was a member of a protected class based on age as he was over forty (40) at the time of his termination (58 years old at time of termination).

6.9   Plaintiff was qualified for his position at the time of his termination.

6.10   Plaintiff was replaced by a substantially younger individual outside of his protected class and/or treated less favorably than individuals outside of his protected class.

6.11  Plaintiff alleges Defendant violated the ADEA and the TCHRA when Defendant took adverse action against Plaintiff (terminating his employment) based on his age.

### *Workers' Compensation Retaliation*
### *(Texas Labor Code)*

6.12  Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

6.13  Defendant retaliated against Plaintiff by taking adverse personnel actions against him for his good faith attempt of filing a Worker's Compensation claim and retaliated against him based on his engagement in such protected activity.

6.14  Plaintiff contends that Defendant took such adverse personnel actions as retaliation in violation of the Texas Labor Code, specifically, discharging him because he attempted in good faith to file a worker's compensation claim.

6.15  As a direct and proximate result of the actions of Defendant, Plaintiff suffered economic damages and emotional distress.

6.16  As a direct and proximate result of the aforementioned arbitrary and capricious acts, Plaintiff has suffered severe and grievous harm.

## 7.  PRAYER

7.1  WHEREFORE, Plaintiff prays the Court order and award such relief including the following:

  7.1.1  Award Plaintiff actual damages;

  7.1.2  Order Defendant to pay Plaintiff back pay and front pay and benefits;

  7.1.3  Award Plaintiff compensatory damages for mental anguish;

  7.1.4  Award Plaintiff punitive damages to be determined by the trier of fact;

  7.1.5  Grant Plaintiff pre-judgment and post-judgment interest;

  7.1.6  Order Defendants to pay Plaintiff's costs and attorney's fees in this action; and,

7.1.7   Order and grant such other relief as is proper and just.

                    Respectfully Submitted,

**/s/ Jacques P. Leeds**
Jacques P. Leeds
Federal I.D. No. 2526879
State Bar No. 24092678
Email: jacques@jleedslawfirm.com
**LEEDS LAW FIRM, PLLC**
700 Milam Street, Suite 1300
Houston, TX 77002
Telephone: 713-492-2906
Facsimile: 832-787-1020
Attorney-in-Charge for Plaintiff